**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. 1:23-cv-01767 |
| Plaintiff, | ) ) | Honorable Yvette Kane |
| v. | ) ) | *ELECTRONICALLY FILED* |
| WEIS MARKETS, INC., | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT**

Defendant Weis Markets, Inc. ("Defendant"), by and through its undersigned counsel, submit its Answer and Defenses to Plaintiff's Complaint and Jury Trial Demand [Dkt. 1] ("Complaint") as follows:

**NATURE OF THE ACTION**

Defendant admits that Plaintiff asserts claims under the statutes cited. The remaining allegations in the preamble of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied. Defendant specifically denies any violation of law and denies that Plaintiff or Charging Party Elizabeth Book ("Book" or "Charging Party") are entitled to any relief.

## JURISDICTION

1.      The allegations in Paragraph 1 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, all allegations are denied.  Defendant specifically denies any violation of the law and denies that Plaintiff is entitled to any relief.

2.      The allegations in Paragraph 2 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, all allegations are denied.

## PARTIES

3.      The allegations in Paragraph 3 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

4.      Defendant admits the allegations contained within Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

6.      The allegations in Paragraph 6 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

7.    Defendant admits the allegations contained within Paragraph 7 of the Complaint.

## ADMINISTRATIVE PROCESS

8.    Defendant admits that the allegations contained withing Paragraph 8 of the Complaint.

9.    Defendant admits that the EEOC issued an Administrative Determination dated July 17, 2023 finding reasonable cause to believe there were violations of Title VII and the ADA and inviting Defendant to engage in conciliation. The remaining allegations in Paragraph 9 of the Complaint purport to interpret and characterize a document that speaks for itself; Defendant denies Plaintiff's interpretation and characterization of this document to the extent they contradict the document itself.

10.    Defendant admits that Plaintiff sent Defendant a letter dated July 21, 2023 summarizing the terms it felt were necessary to resolve this matter through conciliation.  Defendant denies the remaining allegations in Paragraph 10 of the Complaint as stated.

11.    Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 11 as to what is an "agreement acceptable to the Commission," to the extent that any response is deemed to be required, the allegations are denied.

12.     Defendant admits the allegations contained within Paragraph 12 of the Complaint.

13.     The allegations in Paragraph 13 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

## **STATEMENT OF CLAIMS**

14.     Defendant admits the allegations contained within Paragraph 14 of the Complaint.  But Defendant further states that Book's employment began on or about August 9, 2021.

15.     Based upon information and belief, Defendant admits the allegations contained within Paragraph 15 of the Complaint.

16.     Defendant admits that on or about August 9, 2021, Defendant hired Charging Party as a Part-Time Seafood Sales Associate.

17.     Defendant admits the allegations contained within Paragraph 17 of the Complaint.

18.     Defendant admits the allegations contained within Paragraph 18 of the Complaint.

19.     Defendant admits the allegations contained within Paragraph 19 of the Complaint.

20.     Defendant admits the allegations contained within Paragraph 20 of the Complaint.

21.     Defendant admits the allegations contained with Paragraph 21 of the Complaint.

22.     Upon information and belief, Defendant admits the allegations contained within Paragraph 22 of the Complaint.

23.     Defendant admits the allegations contained with Paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, all allegations are denied.

25.     The allegations in Paragraph 25 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, all allegations are denied.

26.     The allegations in Paragraph 26 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, all allegations are denied.

27.     The allegations in Paragraph 27 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, all allegations are denied.

28.     Defendant admits the allegations contained within Paragraph 28 of the Complaint.

29.     Defendant admits the allegations contained within Paragraph 29 of the Complaint.

30.     Upon information and belief, Defendant admits the allegations contained within Paragraph 30 of the Complaint.

31.     Defendant admits the allegations contained within Paragraph 31 of the Complaint.

32.     The allegations in Paragraph 32 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, all allegations are denied.

33.     The allegations in Paragraph 33 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, all allegations are denied.

34.     The allegations in Paragraph 34 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, all allegations are denied.

35.     Defendant admits that the Seafood and Meat Departments are adjacent to each other and along with other Departments share a sink, walk-in cooler, and freezer.  Defendant denies the remaining allegations contained within Paragraph 35

of the Complaint and by way of further response, the Seafood and Meat Department have separate prep areas.

36.     Defendant admits that Seafood Sales Associates, including Charging Party, would assist the Meat Department when the Seafood Department's tasks and duties were complete. Defendant denies any remaining allegations contained within Paragraph 36 of the Complaint.

37.     The allegations in Paragraph 37 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, all allegations are denied.

38.     The allegations in Paragraph 38 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, all allegations are denied.

39.     The allegations in Paragraph 39 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

40.     Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 40, to the extent that any response is deemed to be required, the allegations are denied.

41.     During Defendant's investigation, Dunlap stated that he winks a lot but does so in an innocent manner. Defendant lacks sufficient information to confirm or

deny the remaining allegations in Paragraph 41, to the extent that any response is deemed to be required, the allegations are denied.

42.    Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 42, to the extent that any response is deemed to be required, the allegations are denied:

a.    Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 42(a), to the extent that any response is deemed to be required, the allegations are denied.

b.    During Defendant's investigation, Dunlap stated he told a story about when he worked at a slaughterhouse twenty years ago and the slaughterhouse saved male parts and sold them for walking canes. Defendant lacks sufficient information to confirm or deny the remaining allegations in Paragraph 42(b), to the extent that any response is deemed to be required, the allegations are denied.

c.    Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 42(c), to the extent that any response is deemed to be required, the allegations are denied.

d.    During Defendant's investigation, Dunlap admitted he told a story of a trip he took with a friend to Atlantic City. Defendant lacks sufficient information to confirm or deny the remaining allegations in Paragraph 42(d), to the extent that any response is deemed to be required, the allegations are denied.

e.      Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 42(e), to the extent that any response is deemed to be required, the allegations are denied.

43.     Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 43, to the extent that any response is deemed to be required, the allegations are denied.

44.     Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 44(a)-(c), to the extent that any response is deemed to be required, the allegations are denied.

45.     Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 45, to the extent that any response is deemed to be required, the allegations are denied.

46.     The allegations in Paragraph 46 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

47.     Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 47, to the extent that any response is deemed to be required, the allegations are denied:.

a.      Upon information and belief, Defendant admits that Charging Party brought Christmas cookies for employees at Store #176.

b.     Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 47(b), to the extent that any response is deemed to be required, the allegations are denied.

c.     During Defendant's investigation, Dunlap admitted he kissed Charging Party on the left cheek as a thank you for making Christmas cookies. Defendant lacks sufficient information to confirm or deny the remaining allegations in Paragraph 47(c), to the extent that any response is deemed to be required, the allegations are denied.

d.     Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 47(d), to the extent that any response is deemed to be required, the allegations are denied.

48.     Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 48, to the extent that any response is deemed to be required, the allegations are denied:

a.     Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 48(a), to the extent that any response is deemed to be required, the allegations are denied.

b.     Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 48(b), to the extent that any response is deemed to be required, the allegations are denied.

10

c.      During Defendant's investigation, Dunlap stated he told a story of an incident that happened twenty years ago when he put a cow eye in his mouth to break it as part of a bet. Defendant lacks sufficient information to confirm or deny the remaining allegations in Paragraph 48(c), to the extent that any response is deemed to be required, the allegations are denied.

49.      Defendant lacks sufficient information to confirm or deny the allegations in Paragraph 49, to the extent that any response is deemed to be required, the allegations are denied.

50.      Based upon information and belief, Defendant denies the allegations contained within Paragraph 50 of the Complaint as stated.

51.      Based upon information and belief, Defendant denies the allegations contained within Paragraph 51 of the Complaint as stated.

52.      Defendant admits that on or about December 24, 2021, Charging Party submitted a complaint regarding Dunlap.   Defendant denies Paragraphs 52 characterization of any particular conduct.

53.      Defendant admits that, Charging Party submitted a Witness Statement Form dated December 26, 2021. The remaining allegations contained in Paragraph 53 purport to interpret and characterize a document that speak for itself; Defendant denies Plaintiff's interpretation and characterization to the extent they contradict the document itself.

54.     Defendant admits the allegations contained within Paragraph 54 of the Complaint.

55.     Defendant admits the allegations contained within Paragraph 55 of the Complaint.

56.     Defendant admits the allegations contained within Paragraph 56 of the Complaint.

57.     Defendant admits Dunlap remained the Meat Manager during the period described in Paragraph 57 of the Complaint.  The remaining allegations in Paragraph 57 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

58.     Defendant admits the allegations contained in Paragraph 58 of the Complaint. By way of further response, Defendant offered Charging Party the option of working outside the Seafood Department so she would not have to work by Dunlap pending the investigation.

59.     Defendant admits that as the investigation had not concluded and in line with store customs, a cake was bought for Dunlap in recognition of his 10 year work anniversary. Defendant denies all remaining allegations contained in Paragraph 59.

60.     Defendant admits the allegations contained within Paragraph 60 of the Complaint.  By way of further responses, the Notice also told Dunlap that he must

cease any and all inappropriate behavior and treat all associates with respect and dignity.  It further warned him that the consequence of failing to correct his behavior would be termination.

61.     Defendant denies the allegations contained within Paragraph 61 of the Complaint as stated.

62.     Defendant admits the allegations contained within Paragraph 62 of the Complaint.

63.     Defendant admits that Book was disciplined and terminated for reasons unrelated to Dunlap or her complaint against Dunlap.   Defendant denies the remaining allegations of Paragraph 63 of the Complaint.

64.     Defendant admits the allegations contained within Paragraph 64 of the Complaint.

65.     Defendant admits Lumadue told Charging Party that multiple coworkers complained that she was creating a hostile work environment because the coworkers, in part, were afraid that Charging Party would report them for doing something wrong. The coworkers also expressed she was creating a hostile work environment in the manner she spoke to the coworkers. Any remaining allegations contained in Paragraph 65 of the Complaint are denied.

66.     Defendant admits that Lumadue told Charging Party that Defendant felt Charging Party should complete an EAP program on communication at work and

getting along with others. Any remaining allegations contained in Paragraph 66 of the Complaint are denied.

67.     Defendant denies the allegations contained within Paragraph 67 of the Complaint as stated. By way of further response, Defendant instructed Charging Party to make an initial telephone call to the EAP provider to initiate the EAP process. Defendant stated she could make the telephone call while she was still clocked in to work. Charging Party worked three shifts after the meeting on June 2, 2022.

68.     Defendant denies the allegations contained within Paragraph 68 as stated. By way of further response, Charging Party was provided with a form titled Authorization Form: Form Referral; however, Lumadue did not fill out the form, but may have written the case number so Charging Party would have the case number.

69.     Defendant denies the characterization of the authorization form as stated in Paragraph 69 as there is no mention on the form of "clinical records," but admits that the authorization form does authorize the release of certain records to Defendant and references HIPAA regulations, but also states the individual may refuse to sign the authorization.  Defendant further states that the authorization form speaks for itself, and Defendant denies any characterization of the form in Paragraph 69 that contradicts the form itself.

70.     The allegations in Paragraph 70 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

71.     Defendant denies the allegations contained within Paragraph 71 of the Complaint as stated.

72.     Defendant denies the allegations contained within Paragraph 72 of the Complaint as stated.

73.     Defendant denies the allegations contained within Paragraph 73 of the Complaint as stated.

74.     Defendant lacks sufficient information to confirm or deny the remaining allegations in Paragraph 74 because it does not know what Book "understood," to the extent that any response is deemed to be required, the allegations are denied.

75.     Defendant admits the allegations contained within Paragraph 75 of the Complaint. By way of further response, Charging Party was requesting details of employees' participation in the EAP.  Defendant explained to Charging Party that it does not disclose information about other employees.

76.     Defendant admits the allegations contained within Paragraph 76 of the Complaint.

77.     Defendant admits the allegations contained within Paragraph 77 of the Complaint.

78.     Defendant admits the allegations contained within Paragraph 78 of the Complaint.

79.     Defendant lacks without sufficient information to confirm or deny the allegations in Paragraph 79 as to what Plaintiff's believed at the time of her refusal to submit the Authorization Form. To the extent a response is required, Defendant denies the allegations contained in Paragraph 79.

80.     Defendant admits the allegations contained within Paragraph 80 of the Complaint.

81.     Defendant admits the allegations contained within Paragraph 81 of the Complaint.

82.     Defendant admits the allegations contained within Paragraph 82 of the Complaint.

83.     Defendant admits the allegations contained within Paragraph 83 of the Complaint.

84.     Defendant admits the allegations contained within Paragraph 84 of the Complaint.

85.     Defendant denies the allegations contained within Paragraph 85 of the Complaint as stated.

**COUNT I: Hostile Work Environment Because of Sex in Violation of Title VII**

86.     Defendant restates and incorporates its answers to Paragraphs 1 through 85 of the Complaint as though set forth at length herein.

87.     The allegations in Paragraph 87 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

88.     The allegations in Paragraph 88 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

89.     The allegations in Paragraph 89 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

90.     The allegations in Paragraph 90 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

91.     The allegations in Paragraph 91 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

92.     The allegations in Paragraph 92 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

93.     The allegations in Paragraph 93 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

94.     The allegations in Paragraph 94 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

95.     The allegations in Paragraph 95 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

**COUNT II: Unlawful Medical Examination and Disability-Related Inquiries in Violation of the ADA**

96.     Defendant restates and incorporates its answers to Paragraphs 1 through 95 of the Complaint as though set forth at length herein.

97.     The allegations in Paragraph 97 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

98.     The allegations in Paragraph 98 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

99.     The allegations in Paragraph 99 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

100.    The allegations in Paragraph 100 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

101.    The allegations in Paragraph 101 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

102.    The allegations in Paragraph 102 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

103.    The allegations in Paragraph 103 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

104.   The allegations in Paragraph 104 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

105.   The allegations in Paragraph 105 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

## COUNT III: Discharge Because of Refusal to Submit to Unlawful Medical Examination and Disability-Related Inquires in Violation of the ADA

106.   Defendant restates and incorporates its answers to Paragraphs 1 through 105 of the Complaint as though set forth at length herein.

107.   The allegations in Paragraph 107 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

108.   The allegations in Paragraph 108 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

109.   The allegations in Paragraph 109 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

110.   The allegations in Paragraph 110 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

111.   The allegations in Paragraph 111 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

**COUNT IV: Discharge in Retaliation for Protected Activity in Violation of the ADA**

112.   Defendant restates and incorporates its answers to Paragraphs 1 through 111 of the Complaint as though set forth at length herein.

113.   The allegations in Paragraph 113 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

114.   The allegations in Paragraph 114 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

115.   The allegations in Paragraph 115 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

**COUNT V: Coercion, Intimidation, Threats, and Interference with the Exercise or Enjoyment of Rights Granted or Protected by the ADA**

116.  Defendant restates and incorporates its answers to Paragraphs 1 through 115 of the Complaint as though set forth at length herein.

117.  The allegations in Paragraph 117 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

118.  The allegations in Paragraph 118 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

119.  The allegations in Paragraph 119 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

120.  The allegations in Paragraph 120 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendant denies that Plaintiff is entitled to judgement in its favor or to the relief requested in the WHEREFORE clause, including A-H, following Paragraph 120 of the Complaint. Defendant further denies that Plaintiff is entitled to judgment in its favor or to any relief under the allegations set forth in

the Complaint. Defendant requests that the Court dismiss the claims, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

* * *

To the extent that any of Plaintiff's allegations in the Complaint have not been admitted or denied by Defendant, they are hereby denied.

## JURY TRIAL DEMAND

Defendant admits that Plaintiff has requested a jury trial but object to a jury determining any issue not properly triable by a jury.

## DEFENSES

Defendant asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

## FIRST DEFENSE

For the purposes of preserving a defense, Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

For the purposes of preserving a defense, Plaintiff's claims, and any potential relief, are barred because Plaintiff has failed to meet the required administrative pre-requisites.

## THIRD DEFENSE

Plaintiff's Complaint is barred and/or limited to the extent that it exceeds the scope of the EEOC's investigation, reasonable cause determination, and/or conciliation efforts.

## FOURTH DEFENSE

Plaintiff's Complaint may be barred, in whole or in part, because Charging Party has already recovered damages and other relief pursuant to an agreement to resolve a matter before the National Labor Relations Board.

## FIFTH DEFENSE

For the purposes of preserving a defense, Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations and/or administrative filing periods.

## SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

## SEVENTH DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any alleged harassment, and Plaintiff's claims are barred to the extent Charging Party failed to take advantage of preventative or corrective opportunities provided by Defendant's policies, practices, or to avoid harm otherwise.

## EIGHTH DEFENSE

Defendant took reasonable and effective steps to correct any alleged harassment once it had notice.

## NINTH DEFENSE

Defendant did not know nor should it have known of any alleged harassment of Charging Party and fail to take appropriate action.

## TENTH DEFENSE

For the purposes of preserving a defense, Plaintiff's claims are barred or limited by the doctrines of waiver/estoppel, unclean hands, and/or laches

## ELEVENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Dunlap was never Charging Party's supervisor as he had no ability to take tangible employment actions against her.

## TWELFTH DEFENSE

Defendant did not unlawfully require Charging Party to submit to a medical examination or a disability-related inquiry.

## THIRTEENTH DEFENSE

Defendant acted, at all times, toward Charging Party in good faith, and likewise acted in good faith in its efforts to comply with applicable laws.

## FOURTEENTH DEFENSE

Defendant's decisions regarding Charging Party, including the decision to terminate her, were made for legitimate non-discriminatory business reasons.

## FIFTEENTH DEFENSE

If Defendant asked or required Charging Party to submit to a medical examination or disability-related inquiry, it had a reasonable belief, based on objective evidence that: Charging Party's ability to perform essential job functions was impaired by a medical condition; or Charging Party posed a direct threat.

## SIXTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because it cannot establish a prima facie case for harassment under Title VII, retaliation, and/or for any violation of the ADA.

## SEVENTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Charging Party cannot prove that she engaged in protected activity and/or this activity was the but-for cause of an adverse action.

## EIGHTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because any medical examination or disability-related inquiry to which Charging Party was subjected was job-related and consistent with business necessity.

## NINETEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Defendant referring Charging Party to the Employee Assistance Program was not a medical examination or disability-related inquiry.

## TWENTIETH DEFENSE

Without admitting any liability whatsoever, Defendant states that Plaintiff has no right to damages because Defendant would have made the same decisions and taken the same actions absent any alleged unlawful motive.

## TWENTY-FIRST DEFENSE

Any request by Plaintiff for punitive damages is barred because there is no evidence that Defendant engaged in any discriminatory or retaliatory practice with malice or with reckless or callous indifference to federally protected rights.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for damages are barred to the extent that the amount sought may violate substantive and procedural safeguards guaranteed to Defendant by the United States and Pennsylvania Constitutions.  Plaintiff's claims for damages are further barred to the extent that the imposition of such damages is not rationally related to, or is grossly excessive in relation to, legitimate federal and state interests.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the EEOC failed to fulfill its statutory obligations regarding conciliation before filing this action.

## TWENTY-FOURTH DEFENSE

Defendant did not improperly retaliate and/or coerce under the ADA.

## TWENTY-FIFTH DEFENSE

Defendant reserves the right to amend its Answer and add additional affirmative defenses or counterclaims that may become known during litigation.

Date: November 16, 2023

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Danielle M. Parks*

Andrew F. Maunz, Esq.[1]
(PA I.D. No. 329674)
Andrew.Maunz@jacksonlewis.com
Danielle M. Parks, Esq.
(PA I.D. 322653)
Danielle.Parks@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 232-0404
(412) 232-3441 *facsimile*

---

[1] Admission to the Middle District of Pennsylvania is pending.  Swearing in scheduled for January 5, 2024.

## **CERTIFICATE OF SERVICE**

I hereby certify that on 16th day of November, 2023, I electronically filed the foregoing Answer and Defenses to Complaint to the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Danielle M. Parks*
Danielle M. Parks, Esq.